Warren C. **RUDINGER**

v.

**INSURANCE DATA PROCESSING, INC. and Peter D. Carlino.**

Civ. A. No. 90–2871.

United States District Court, E.D. Pennsylvania.

March 19, 1993.

---

Ralph J. Kelly, Philadelphia, PA, for plaintiff.

Jeffrey Cooper, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

In 1990, plaintiff, Warren C. Rudinger, sued his former employers for fraud, securities fraud, and breach of contract. Three days into trial, in March, 1992, the parties settled. Pursuant to their settlement agreement, defendants agreed to pay Mr. Rudinger twelve monthly installments of $8,750.

In this motion, Mr. Rudinger moves to enforce the settlement agreement, claiming defendants have not paid him since September, 1992. I must dismiss the motion for lack of subject-matter jurisdiction.

### I. *Subject–Matter Jurisdiction over Settled Cases*

■ The Third Circuit has "not yet conclusively settled the question of whether courts have inherent jurisdiction to enforce settlement agreements in cases that were once properly before them." *Halderman v. Pennhurst State School and Hosp.*, 901 F.2d 311, 317 (3d Cir.) *cert. denied*, 498 U.S. 850, 111 S.Ct. 140, 112 L.Ed.2d 107 (1990). It is clear, however, that if courts want to retain jurisdiction, they may. The court in *Halderman* stated:

[Although] we have rejected the suggestion that federal judges have inherent power to enforce settlement agreements rising out of lawsuits that were once before them[,] ... we have expressed no doubt of the power of a district court to dismiss a lawsuit conditionally, retaining jurisdiction to effectuate terms of settlement agreed to

by the parties. Nor do we think there is any magic form of words that the judge must intone in order to make the retention of jurisdiction effective. All that is necessary is that it be permissible to infer that he did intend to retain jurisdiction—that he did not dismiss the case outright, thereby relinquishing jurisdiction.

*Halderman*, 901 F.2d at 317 (quoting *McCall–Bey v. Franzen*, 777 F.2d 1178, 1188 (7th Cir.1985)).

Following *McCall–Bey*, courts began to articulate the factors which indicate this intention on the part of a judge, at the time of settlement, to retain jurisdiction. *McCall–Bey* held that a court retains jurisdiction if: 1) it issues an order stating that dismissal is pursuant to the parties' stipulation; 2) the parties' stipulation states that dismissal is pursuant to the terms and conditions in their settlement agreement; and 3) a term in the stipulation states, for example, 'the parties retain their rights to petition the Court regarding any breach or violation of this agreement.' *See McCall–Bey*, 777 F.2d at 1188–89. *See also Washington Hospital v. White*, 889 F.2d 1294, 1298–99 (3d Cir.1989) (a stipulated agreement of dismissal signed by the court allows a district court to retain jurisdiction); *Hartford Accident & Indemnity Co. v. West Chester Electric & Electronics, Co., Inc.*, No. 87–5530, 1990 WL 140166, at *1, 1990 U.S. Dist. LEXIS 12670, at *3–4 (E.D. Pa. September 25, 1990) (predicting, based on the Third Circuit's reliance on *McCall–Bey*, that that court will hold that district courts do not retain jurisdiction unless they specifically approve a settlement agreement and incorporate it into an order of the court).

■ I need not decide what the precise indicators of judicial intent will be. Suffice it to say that in this case, I did not intend to retain jurisdiction. This is confirmed by the fact that on May 20, 1992, I issued a standard order pursuant to local rule 23(b) dismissing the matter with prejudice.[1] On May

---

1. The order stated:
   AND NOW, TO WIT: This 20th day May, 1992, it having been reported that the issues between the parties in the above action have been settled and upon Order of the Court pursuant to the provision of Rule 23(b) of the Local Rules of Civil Procedure of this Court (effective January 1, 1970), it is
   ORDERED that the above action is DISMISSED with prejudice, pursuant to agreement of counsel without costs except as provided by Local Rule 42(d).

 

29, 1992, following a request from defendants based on their settlement agreement, I vacated that order and entered judgment in favor of defendants on counts I and II, and dismissed the remaining counts under rule 23(b). I said nothing either in those orders or during the court colloquy where the parties' stipulation was read to suggest that I would keep jurisdiction.[2]

Moreover, as the record of that March 13, 1992, colloquy shows, the parties' stipulation said nothing about my dismissing the case "pursuant to the terms and conditions" in their agreement. Nor did the stipulation or either party ask that I preside over future disputes. *See* Transcript of Settlement Agreement at 2–4. Consequently, absent the "inherent jurisdiction to enforce settlement agreements in cases that were once properly before [me]," I cannot hear this matter.

## II. *Diversity Jurisdiction*

As an alternative basis for jurisdiction, Mr. Rudinger cites 28 U.S.C. § 1332. Evidently, since March of 1992, Mr. Rudinger has become a citizen of California while defendants have remained citizens of Pennsylvania. According to Mr. Rudinger, the amount in controversy now exceeds $50,000 since he is seeking all outstanding settlement amounts, even though under the original agreement, they are not all yet due.

I will not exercise jurisdiction on that basis. If Mr. Rudinger wishes to enforce his settlement agreement here under 28 U.S.C. § 1332, he may file a separate diversity action for breach of contract and proceed from there. I cannot hear it in the meantime.

An order follows.

**2.** It could be argued that a 23(b) order which dismisses a case "pursuant to the agreement of counsel," as mine does, satisfies the first prong of the *McCall–Bey* test. *See, e.g., American Health Systems, Inc. v. Liberty Health System, et al.*, No. 90–3112, 1993 WL 49000, at *1–2 (E.D.Pa. February 22, 1993). However, the other two prongs are clearly not satisfied. *See id.* (urging a strict application of the *McCall–Bey* test).

## ORDER

AND NOW, this 19th day of March, 1993, plaintiff's motion to enforce the parties' settlement agreement is hereby DISMISSED for lack of subject-matter jurisdiction.

*See also Philadelphia Training Center Corp. v. State of Georgia, et al.*, No. 92–3686, 1993 WL 39294, at *1 (E.D.Pa. February 10, 1993), in which it was held that a 23(b) order itself clearly expresses a court's intention to retain jurisdiction. Judge Padova made it plain in that case, however, that also pursuant to rule 23(b), a request to reopen the case must be made within the 90 days given a party to have the dismissal order vacated. *See id.* at *2. The 90 days has long since expired here.